IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
On Brief October 26, 2010

## MARCUS WELCOME v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 89681   Richard Baumgartner, Judge**

_____

**No.  E2010-00815-CCA-R3-PC - Filed December 28, 2010**

_____

Petitioner, Marcus Welcome, was convicted by a Knox County jury of criminal responsibility for aggravated robbery.  As a result, Petitioner was sentenced as a Range II, multiple offender to twenty years in confinement.  Petitioner's conviction and sentence were affirmed on appeal. *State v. Welcome*, 280 S.W.3d 215, 218 (Tenn. Crim. App. 2007).  Subsequently, Petitioner sought post-conviction relief.   After a hearing, the post-conviction court determined that Petitioner had failed to establish that he received ineffective assistance of counsel at trial.  After a review of the record, we determine that Petitioner has failed to show that he received ineffective assistance of counsel.  Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Marcus Welcome

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Randall E. Nichols, District Attorney General; and William Hood, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

The facts underlying Petitioner's conviction and sentence were summarized by this Court on direct appeal as follows:

[Petitioner's] conviction arises from his participation in the aggravated robbery of his eighty-two-year-old uncle, Jesse Willard Turner. Turner testified that [Petitioner] visited him often and had been at his home several times earlier in the day on September 24, 2004. He said that on one occasion, the [Petitioner] left his jacket. Turner testified that around midnight, as he was preparing to take a shower, he heard a knock at his door. He recognized the [Petitioner's] voice and, although nude, opened the door to allow [Petitioner] to retrieve his jacket. Upon entering the residence, instead of walking toward the jacket, [Petitioner] walked straight to Turner's bedroom. Turner stated that another individual followed [Petitioner] into the home and that he was armed with a gun. The individual directed Turner not to look at him, a request that Turner stated he quickly complied with out of fear for his own safety. Turner recalled that [Petitioner] told him that no one was going to hurt him but they just wanted some money. As [Petitioner] and the other individual went to look for money, Turner testified that he ran nude to a neighbor's house, who gave him some clothes to wear, and called the police. The police arrived at the scene approximately forty-five minutes later and Turner returned home to find his wallet and its contents scattered on the floor. Missing from the wallet were one hundred and fifty dollars he had saved for car insurance and some emergency money. Turner testified that the police told him that they would not pursue the case and advised him to file a warrant "since he [knew] who it was" but also stated that "[b]ecause it's your nephew, you probably ain't going to do nothing about it."

On cross-examination, Turner acknowledged that he lived in a dangerous area of town, but stated that he opened the door in the nude because he recognized [Petitioner's] voice. He also stated that [Petitioner] never threatened him with a weapon and that the only armed person was the unidentified individual who followed [Petitioner] into the home. He acknowledged that the police did not take any fingerprints, but explained that was because he had told them that [Petitioner] committed the robbery. He testified that he was not injured during the incident.

*Welcome*, 280 S.W.3d at 218-19.

After the denial of permission to appeal to the supreme court on February 25, 2008, Petitioner filed a pro se petition for post conviction relief. Petitioner alleged that he received ineffective assistance of counsel. Specifically, he claimed that trial counsel: (1) failed to conduct a pretrial investigation; (2) failed to interview and subpoena witnesses; and (3) failed

to raise an issue on appeal about the inconsistent verdict. At the hearing on the petition, Petitioner also argued that trial counsel improperly sought a curative instruction at trial after the witness mentioned Petitioner's release from jail and that trial counsel improperly advised Petitioner not to testify.

At the hearing on the post-conviction petition, Petitioner testified that trial counsel discussed strategy with him prior to trial. These discussions included Petitioner's right to testify. Trial counsel told Petitioner it "wouldn't . . . really matter" if he testified at trial because it would be a short trial. Petitioner claimed that he would have testified that he did not commit the robbery. Petitioner acknowledged that trial counsel informed him that he had the right to testify and that the decision was ultimately his to make.

In addition, Petitioner recalled that during the victim's testimony at trial, the victim mentioned the fact that Petitioner had recently been released from prison in Ohio. Petitioner did not recall if trial counsel objected to the testimony or discussed it with him.

Trial counsel also testified at trial. According to trial counsel, his strategy was to stress the lack of police investigation in the matter. Trial counsel also found it important that there was only one witness, noting the fact that the victim's neighbors did not testify about him coming to their house during the robbery.

Trial counsel recalled discussing the right to testify with Petitioner prior to trial. Trial counsel advised Petitioner not to testify because of his prior convictions and a police report that placed Petitioner near the scene of the crime at the time of the offense. Trial counsel explained that the trial court had ruled that the State would be permitted to impeach Petitioner with a prior robbery conviction if he testified. Further, trial counsel explained that the police report placed Petitioner and his wife in an area near the victim's apartment about two hours prior to the robbery. In the report, Petitioner listed the victim's address as his own residence. The police report indicated that Petitioner was intoxicated. Trial counsel explained that the police report damaged Petitioner's alibi defense. Apparently, Petitioner initially claimed that he was with his wife at the time of the offense. Petitioner's wife was not interested in testifying at trial.

Trial counsel recalled the victim's testimony at trial. The victim mentioned that Petitioner had recently been released from prison. Trial counsel explained that he objected to the testimony and requested a mistrial. The trial court overruled the objection. Trial counsel then requested a curative instruction against the advice of the trial court. The trial court stated to counsel that a curative instruction could actually place more attention on the testimony in the mind of the jury. Trial counsel wanted to make sure that the jury knew it could not consider the information during deliberations.

At the conclusion of the hearing on the post-conviction petition, the post-conviction court denied post-conviction relief. Petitioner appeals.

*Analysis*
*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

-4-

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

On appeal, Petitioner abandons the majority of the issues he raised before the post-conviction court. On appeal, Petitioner maintains that trial counsel was ineffective for advising him not to testify and for requesting a curative instruction when the victim testified that Petitioner had recently been released from prison.

At the hearing on the petition for post-conviction relief, the post-conviction court determined that Petitioner failed to show clear and convincing evidence of ineffective assistance of counsel. Specifically, the post-conviction court determined that with regard to the statement made by the victim about Petitioner's incarceration, trial counsel made a "tactical decision" by requesting a curative instruction in order to "make sure that the jury understood they were not to consider this during the deliberation process." The post-conviction court determined that there was no prejudice to Petitioner because of the curative instruction and that trial counsel "performed well above that level of competence [required]."

The record supports the post-conviction court's findings. During the trial, counsel objected to the statement made by the victim and asked for a mistrial. After the trial court denied the request, trial counsel requested a curative instruction. The curative instruction was given to the jury. This was a tactical decision made by trial counsel. Petitioner is not entitled to relief. *See Adkins*, 911 S.W.2d at 347.

With respect to the issue of Petitioner's testimony, the post-conviction court determined that the trial court properly held a hearing in accordance with *Momon v. State*, 18 S.W.3d 152 (Tenn. 1999), to determine if Petitioner wished to testify. After this hearing, Petitioner made the decision not to testify. Additionally, the post-conviction court accredited trial counsel's testimony that there were several "conversations" between Petitioner and trial counsel during which they discussed the right to testify. The post-conviction court determined that there were "very valid reasons why there was an issue that supported [Petitioner] not testifying" but that, ultimately, Petitioner "made a knowing, voluntary decision on his behalf to not testify." In other words, Petitioner failed to show clear and convincing evidence that he received ineffective assistance of counsel.

The record supports the post-conviction court's findings. Both counsel and the trial court informed Petitioner of his right to testify. Petitioner was informed by trial counsel that he could be impeached with a prior conviction if he chose to testify. Petitioner heard the advice of counsel and was questioned about his decision by the trial court. Petitioner chose not to testify. Petitioner has not shown show clear and convincing evidence that he received ineffective assistance of counsel. This issue is without merit.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE